# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN
# CIVIL ACTION NO. 1:13CV-P20-R

**HERBERT G. WARDEN**                                                             **PETITIONER**

**v.**

**UNITED STATES OF AMERICA**                                       **RESPONDENT**

## MEMORANDUM OPINION AND ORDER

Petitioner Herbert G. Warden filed a petition for writ of error *coram nobis* challenging his conviction in the U.S. District Court for the Middle District of Tennessee on March 27, 1997. Petitioner originally filed the petition in the Middle District of Tennessee. However, the petition was forwarded to this Court because jurisdiction over Warden was transferred here on September 4, 1998. The Court has reviewed Warden's petition and has determined that the petition is subject to dismissal for the reasons stated herein. However, before the Court dismisses the petition *sua sponte*, the Court will give Warden notice and an opportunity to show cause why this action should not be dismissed.

## I.

As grounds for his petition for writ of error *coram nobis*, Warden states that he "was coerced into entering a plea of guilty to the charge stemming from a 23 Count Indictment." He reports that the charges were for "specific incidents" of bankruptcy fraud and aiding and abetting; "specific incidents" of money laundering; and making false statements to the Internal Revenue Service. He states that he pleaded guilty to one count of bankruptcy fraud and aiding and abetting on December 2, 1996, and was sentenced to 14 months in prison and 3 years supervised released.

Warden contends that the Government "stacked" the charges against him, "[a]s is the usual practice" of prosecutors, in order to persuade him to enter a guilty plea "with no foundation in law." He contends that this practice has caused many Americans to plead guilty even though they are not guilty. He states that this policy has led to two recent decision by the Supreme Court, *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376 (2012), which have "opened a new area of law, namely plea agreement law."

Warden states that when he met with his attorney to discuss the plea agreement, his attorney, who was retained, would not allow his wife and son to be present for the meeting. Warden states that the attorney, "with his fists clinched so tight there was no blood in them," told him that he had "worked hard to get this plea, you are gonna take this plea or I am getting off your case today and you will not have time to find another Attorney.[] He even picked up the phone as if he were calling the Judge right then and there." Warden contends that this was "nothing but an act to keep the Petitioner from exercising his constitutional right to test the case of the prosecution." Warden contends that he is entitled to have his conviction expunged based on ineffective assistance of counsel. Warden avers that his counsel did not conduct any type of investigation concerning his charges but simply urged him to plead guilty. He states, "Then, to add insult to injury, they parade you in front of a Judge, who also happens to be immune from prosecution, and you have to say no threats or promises have been made or they (the bullies) don't accept your plea. In other words, you have lie to get a plea accepted."

Warden further avers that he has read the Constitution extensively and that there are only three federal crimes enumerated therein. He states that his prosecution for a federal crime was

2

"clearly an encroachment upon the sovereignty of the State of Tennessee." He asserts that "to support a finding that a crime is federal, the Government must prove that they own the land where the alleged crime occurred . . . ."

Petitioner requests that the Court grant his petition and order that his conviction and sentence "be forever expunged from his criminal record and all files relating to this matter be sealed."

## II.

*Coram nobis* was a common law writ that was used as a device for correcting fundamental errors in both civil and criminal cases. *United States v. Johnson*, 237 F.3d 751, 753 (6th Cir. 2001). The writ no longer applies in civil cases pursuant to Fed. R. Civ. P. 60(b). *Id*. In criminal cases, the Supreme Court has held that federal courts still have the power to issue the writ under certain circumstances based on the All Writs Act, 28 U.S.C. § 1651. *United States v. Morgan*, 346 U.S. 502, 506 (1954). A writ of error *coram nobis* may be used to vacate a federal conviction after a defendant has already served his sentence and relief under 28 U.S.C. § 2255 is unavailable. *Johnson*, 237 F.3d at 753. A writ of error *coram nobis* is an extraordinary writ. *Id*. at 755. It is used only to review errors of the most fundamental in character which render the proceedings themselves invalid. *Id*. A defendant must demonstrate: 1) an error of fact; 2) unknown at the time of trial; 3) of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. *Id*.

A petitioner is not entitled to *coram nobis* relief if he is merely raising legal challenges concerning the validity of a conviction where he had knowledge of the underlying facts at the time of trial. *Blanton v. United States*, 94 F.3d 227, 230 (6th Cir. 1996). Arguments that were

raised or could have been raised on direct appeal are not properly brought on a *coram nobis* petition, which must be based on matters not appearing in the record. *United States v. Richard*, 221 F.3d 1337, 2000 U.S. App. LEXIS 14527, at *5 (6th Cir. June 19, 2000) (unpublished) (citing *United States v. Keane*, 852 F.2d 199, 202-03 (7th Cir. 1988)).

Warden argues that his retained counsel coerced and threatened him into pleading guilty to a crime which he did not commit. The facts underlying his petition were known to him at the time of trial and may not be grounds for *coram nobis* relief. Moreover, in regards to Warden's argument that his conviction violated the Constitution because the crime is not enumerated in the Constitution, such an argument could have been addressed by the trial court or on direct appeal and likewise cannot serve as the basis for relief.

Furthermore, while *coram nobis* is a common law writ and there are no statutory time limits to a petition, *Flippins v. United States*, 747 F.2d 1089, 1091 (6th Cir. 1984), the Sixth Circuit has held that the doctrine of laches applies. *Blanton*, 94 F.3d at 231 ("We believe that the doctrine of laches should apply to *coram nobis* proceedings because otherwise there would be essentially no time limits for bringing *coram nobis* claims."). Timeliness is a consideration by itself when deciding whether to issue the writ. *Id*. ("[T]imeliness should be a consideration in determining whether to grant *coram nobis* petitions.") (citing *Morgan*, 346 U.S. at 512). Therefore, in addition to establishing the other three elements cited above, a petitioner seeking a writ of error *coram nobis* must also demonstrate "that 'sound reasons exist[ed] for failure to seek appropriate earlier relief.'" *Blanton*, 94 F.3d 227, 231 (quoting *Morgan*, 346 U.S. at 512). In order to avoid the laches bar, "a *coram nobis* petitioner must demonstrate that sound reasons exist for not seeking appropriate relief previously as a lengthy delay prejudices the government's

ability to respond to the petition and to reprosecute a meritorious case." *Unites States v. Nyhuis*, 40 F. App'x 80, 81 (6th Cir. 2002) (citing *Blanton*, 94 F.3d at 231).

Warden has given no reason why he waited to seek relief for almost 16 years after his conviction. To the extent he would argue that the 2012 Supreme Court decisions in *Frye* and *Lafler* opened a "new area of law" and explains the delay, Warden's right to challenge his conviction under 28 U.S.C. § 2255 on grounds that his guilty plea was not voluntary due to ineffective assistance of counsel existed before the decisions in *Frye* and *Lafler*. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). Moreover, the Sixth Circuit has held that *Frye* and *Lafler* do not apply retroactively. *In re Liddell*, No. 12-2196, 2013 U.S. App. LEXIS 14698, at *2-3 (6th Cir. June 26, 2013) ("Additionally, as held by every other circuit to consider the issue, neither *Frye* nor [*Lafler v.*] *Cooper* created a 'new rule of constitutional law' made retroactive to cases on collateral review . . . .") (citations omitted). Therefore, the Court concludes that Warden's petition is barred by the doctrine of laches.

For the foregoing reasons, the Court concludes that the instant petition for writ of error *coram nobis* is subject to dismissal *sua sponte*. Before dismissing the action on these grounds, however, the Court will provide Warden with an opportunity to respond. *See Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983).

**III.**

**IT IS THEREFORE ORDERED that within 28 days from the entry date of this Memorandum Opinion and Order Warden must show cause why his petition for writ of error *coram nobis* should not be dismissed for the reasons stated herein. Warden is**

**WARNED that failure to respond within the time allotted will result in dismissal of the action for the reasons set forth herein.**

Date:


cc: Petitioner, *pro se*
4413.010